[No. 21001.   Department One.—November 8, 1893.]

# THE PEOPLE, Respondent, *v.* OSCAR O. WELLS, Appellant.

Jury Trial—Impaneling of Jury—Disqualification of Juror—Formation of Opinion—Showing as to Source.—Where a person drawn as a juror states upon his examination that he has formed an opinion as to the merits of the cause, he is disqualified from acting as a juror in the absence of an affirmative showing to the court that his opinion is based upon public rumor, common notoriety or statements from public journals, even though he should declare to the court under oath that, notwithstanding such opinion, he would and could act fairly and impartially upon the matters to be submitted to him.

Id.—Actual Bias—Question of Fact—Review Upon Appeal—Absence of Evidence.—Whether the state of mind of a juror is such as to constitute actual bias within the meaning of section 1073 of the Penal Code defining that term is a question of fact to be determined by the trial court, in the determination of which the court must find whether any opinion which the juror may have formed was founded upon public rumor, statements in public journals or common notoriety; and the trial court's decision upon these points, when the evidence disclosed upon the examination of the juror is susceptible of different constructions, will not be reversed upon appeal. Where, however, there is an entire absence of evidence to support the finding of the court that the juror's opinion is founded upon public rumor or common notoriety the action of the court will be reversed upon appeal.

Id.—Exception to Denial of Challenge in Criminal Case—Appeal.—A defendant convicted of a criminal offense has the right to appeal to the Supreme Court upon an exception to the ruling of the trial court denying the challenge of a juror for actual bias.

Appeal from a judgment of the Superior Court of Orange County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. M. Brooks, J. W. Ballard,* and *Augustus A. Montano,* for Appellant.

*Attorney-General W. H. H. Hart,* and *Deputy Attorney-General William H. Layson,* for Respondent.

Garoutte, J.—The defendant was convicted upon an information of having committed a felonious assault upon the person of one Marion Bradley Sparks, on the thirty-first day of May, 1892, in the county of Orange.

During the impanelment of the jury one Moulton was examined as to his qualifications, and, having stated that he had frequently conversed about the case, and that from what he had heard had formed an opinion which would take evidence to remove, he was challenged by the defendant on the ground of actual bias. The challenge was denied, and an exception taken to the ruling of the court. The defendant exhausted his peremptory challenges, and now relies upon his exception to such ruling for a reversal of the judgment.

After the juror had stated that he had formed an opinion as to the merits of the cause his examination proceeded as follows:

"Q. Has your opinion been formed, Mr. Moulton, by the public rumors that you have heard from others respecting the case? A. My opinion was formed from what I received from others, and any man would form the same opinion had he heard the statements.

"*The Court.* Mr. Sanborn wants to know if your opinion is based upon what you heard. A. Upon facts I heard from parties directly interested in the case.

"Q. From what you heard from others? A. Yes, sir.

"Q. Facts that were of common notoriety in the neighborhood? A. The facts came to me very straight from those directly who understood the case.

"Q. Facts as commonly referred to in the neighborhood? A. Yes, sir.

"*Mr. Brooks.* Q. Is it from mere public rumor and common notoriety that you have formed your opinion,

or is it from the direct statements made to you from some one?   A. It is from statements made by some one else to me."

The juror further stated, in answer to an inquiry of the court, that, notwithstanding the opinion which he now had, he could and would act fairly and impartially upon the matters submitted to him, if he were accepted as a juror.

Actual bias is defined in section 1073 of the Penal Code to be "the existence of a state of mind on the part of the juror in reference to the case, or to either of the parties, which will prevent him from acting with entire impartiality, and without prejudice to the substantial rights of either party." It is also provided in section 1076 that no person shall be disqualified as a juror by reason of having formed an opinion upon the matter or cause to be submitted to such jury, "founded upon public rumor, statements in public journals, or common notoriety, if it shall appear to the court upon his declaration under oath that he can and will, notwithstanding such an opinion, act impartially and fairly upon the matters submitted to him." Whether the state of mind of the juror is such as to constitute actual bias within the above definition is a question of fact to be determined by the court, and the court, in determining that fact, must also determine whether any opinion which the juror may have formed was founded upon public rumor, statements in public journals, or common notoriety. The court's decision upon these points, when the evidence disclosed upon the examination of the juror is susceptible of different constructions is to be regarded on appeal like its determination of any other question of fact resting upon the weight or construction of evidence.

At the same time there must be some evidence to support the finding of the court that the juror's opinion is founded upon public rumor, or common notoriety. If there is an entire absence of evidence to support such a finding, the court has no authority to declare such to

be the fact. At common law a juror who entered the box with an opinion as to the guilt or innocence of the accused was *ipso facto* disqualified from acting in the case, but section 1076 of the Penal Code of this state, already quoted, creates an innovation upon this principle, and declares an exception to the common-law rule. But in order that a juror disqualified at common law, by reason of having previously formed an opinion as to the guilt or innocence of the accused, may come within this provision of the statute it must appear affirmatively to the court from the evidence before it that such opinion is formed from public rumors, or statements of public journals, or common notoriety; and it must further appear to the court by the juror's declaration under oath that, notwithstanding such opinion, he can and will act fairly and impartially upon the matters to be submitted to him.

The examination of the juror in this case simply discloses that he had an opinion as to the merits of the case, and that opinion was based upon what parties directly interested had told him regarding the facts. There is certainly nothing in that statement to justify the court in drawing the conclusion that his opinion was formed from public rumor or common notoriety. Conceding that the words "directly interested" are somewhat vague and indefinite, and do not necessarily refer to parties who are competent witnesses to the facts, still in no sense are they consistent with an inference that the statements were mere repetitions of public rumors, or matters of common notoriety. But, omitting from the statement of the juror that these things came to him from parties directly interested in the case, and allowing the examination to rest upon the sole fact that the juror entered the box with an opinion as to the guilt or innocence of the accused, that fact of itself is a disqualification under the law, and it is a disqualification even though the juror should declare to the court under oath that, notwithstanding such opinion, he would and could act fairly and impartially upon

the matters to be submitted to him.    The juror would not only be disqualified at common law, but disqualified under the Penal Code, for he has not brought himself within the provisions of section 1076; as those provisions require an affirmative showing to the court that his opinion is based upon public rumor, common notoriety, or statements from public journals.    Such a showing is not made in this case.    There is no evidence whatever to support such a finding of fact, and such a finding of fact is necessary in order that the challenge for actual bias could be properly denied.

The right of the defendant to appeal to this court upon the exception here involved I think cannot be questioned, and my views upon the subject are fully stated in the concurring opinion rendered in the case of *People* v. *Wong Ark*, 96 Cal. 125.

The judgment and order are reversed, and the cause remanded for a new trial.

HARRISON, J., and BEATTY, C. J., concurred.

Hearing in Bank denied.