[No. 21129.  In Bank.—January 5, 1895.]

THE PEOPLE, RESPONDENT, *v.* PATRICK J. COLLINS, APPELLANT.

CRIMINAL LAW — INDICTMENT — JURISDICTION OF STATE AND FEDERAL COURTS—PLEADING—MATTER OF DEFENSE.—The jurisdiction of the state being general over persons within its limits, and that of the United States being exceptional over places purchased for specified uses of the general government, it is not necessary, in an indictment or information in the state courts, to negative the jurisdiction of the federal courts, but, if the federal courts have exclusive jurisdiction over the offense, it is matter of defense simply.

ID.—FEDERAL JURISDICTION OF CRIMES—OWNERSHIP OF LAND.—The mere ownership by the United States of land or property within the county does not show any federal jurisdiction over crimes committed upon it, unless the ownership is shown to have been acquired by purchase with the consent of the legislature, or under the power of eminent domain authorized by the legislature.

ID.—QUESTION OF FACT—JUDICIAL NOTICE.—Federal jurisdiction involves a question of fact as to the acquisition of property by the United States by purchase, or under proceedings to condemn it, of which the courts will not take judicial notice.

ID.—IMPANELMENT OF JURY—FAILURE OF JURORS TO RESPOND.—Where, during the formation of a jury during the trial of a criminal cause, one of the venire men failed to respond to his name when called by the clerk, it is not error for the court to refuse to delay the proceedings until such venire men can be brought into court by attachment, where

there are present more than enough of venire men to fill the panel of jurors.

ID.—ATTACHMENT OF JURORS—DISCRETION.—Whether an attachment shall issue for absent jurors who have been summoned and failed to respond to their names when called by the clerk is within the discretion of the court; and the defendant has no absolute right under the law to have the first juror called present to be examined before he is required to proceed.

ID.—BIAS OF JURORS—NEWSPAPER STATEMENTS.—Where the examination of jurors upon a challenge for actual bias discloses the fact that, so far as any of them had formed an opinion as to the guilt of the defendant, such opinion was based upon newspaper statements, which would not prevent them from acting fairly and impartially as jurors, the challenges are properly disallowed.

ID. — OPINION OF JUROR UPON INSANITY. — Where no defense based on insanity was made or contemplated, the challenge of a juror upon the ground that he did not believe in the plea of insanity is properly denied.

ID.—SPECIAL VENIRE—FAILURE TO ANSWER WHEN CALLED.—The jurors summoned on a special venire who failed to answer when called do not cease to be of the venire, and their names may be placed in the jury-box upon their subsequent appearance.

ID.—EXAMINATION OF JUROR—DEATH PENALTY—ALLOWANCE OF CHALLENGE—DISCRETION.—Upon a trial for murder, where one of the jurors, upon examination by the prosecution, testified that he had conscientious scruples against the infliction of the death penalty, and a challenge on behalf of the people has been allowed on that ground, the court does not abuse its discretion in refusing the request of counsel for the defense to further examine the juror.

ID.—IMPEACHMENT OF WITNESS—COLLATERAL QUESTION.—Where a witness for the prosecution upon a charge of murder was asked, upon cross-examination, whether he had not been paid for executing a bond for certain Chinamen under the internal revenue laws, and admitted that he had executed the bond, but denied that he was paid for it, it is not admissible for the defendant to attempt to prove by another witness that the people's witness was paid for going upon the bond.

PRESENCE OF DEFENDANT—PRESUMPTION.—Where the bill of exceptions does not show that the defendant was not present when the case was set for trial it must be presumed that he was present.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a motion for a new trial and an order denying a motion in arrest of judgment.

The facts are stated in the opinion of the court.

*G. E. Colwell*, for Appellant.

The motion in arrest of judgment should have been allowed. The superior court in and for the city

and county of San Francisco has not the jurisdiction over all the territory comprising said city and county. (Const., art. VI, sec. 6; Pol. Code, sec. 3950; *Sharon* v. *Hill*, 24 Fed. Rep. 726, 730; *Fort Leavenworth R. R. Co.* v. *Lowe*, 114 U. S. 525; 1 Bishop's Criminal Procedure, sec. 375; *Armstrong* v. *Foote*, 11 Abb. Pr. 384.; *Dibble* v. *Clapp*, 31 How. Pr. 420; *Clay* v. *State*, 4 Kan. 49; *People* v. *Lane*, 1 Edm. Sel. Cas. 116; Pen. Code, sec. 777; Wharton's Criminal Pleading and Practice, secs. 139, 142; *Chivarrio* v. *State*, 15 Tex. App. 334; 6 Crim. Law Mag. 155; *State* v. *Adams*, 2 Batt. Dig. 729.) The United States courts have exclusive jurisdiction over portions of the city and county of San Francisco. (*Sharon* v. *Hill*, 24 Fed. Rep. 726, and authorities before cited.) To give the superior court jurisdiction, the information should show that the offense was committed within the jurisdiction of the court. (*People* v. *Wong Wang*, 92 Cal. 281; *McBride* v. *State*, 10 Humph. 615; 1 Chitty's Criminal Law, 131; 1 Bishop's Criminal Procedure, 375; Wharton's Criminal Pleading and Practice, secs. 139, 142.) The case should not have been set for trial during the absence of defendant. (Pen. Code, sec. 1043; *People* v. *Kohler*, 5 Cal. 72; *People* v. *Higgins*, 59 Cal. 357.) Proper instructions asked must be given. (*People* v. *Eckert*, 19 Cal. 604; *People* v. *Williams*, 32 Cal. 280; Pen. Code, secs. 1093, 1127, subd. 6.) The court erred in commenting on value of testimony and good faith of counsel in the presence of the jury, and in effect charging the jury with respect to matters of fact. (Const., art. VI, sec. 19; *McMinn* v. *Whelan*, 27 Cal. 319; *People* v. *Willard*, 92 Cal. 490; *People* v. *Kindleberger*, 100 Cal. 367.)

*Attorney General W. H. H. Hart*, and *Deputy Attorney General William H. Layson*, for Respondent.

The information is sufficient when it shows that the offense was committed in a place within the jurisdiction of the court. (*People* v. *Lafuente*, 6 Cal. 202; Pen. Code, sec. 959, subd. 4.) In the process of impaneling

the jury no party is entitled, as of right, to have the
first juror sit who has the statutory qualifications.
(1 Thompson on Trials, sec. 120; *People* v. *Arceo*, 32 Cal.
40.) When the name of a juror is drawn and called in
court the accused in a criminal case cannot demand
that the juror shall be called at the door of the court-
house, or that an attachment shall be issued to bring
him in, or that an officer shall be dispatched for him.
(*United States* v. *Byrne*, 7 Fed. Rep. 455; *Waller* v. *State*,
40 Ala. 325; *People* v. *Larned*, 7 N. Y. 445; *People* v. *Ver-
milyea*, 7 Cow. 369; *State* v. *Breaux*, 32 La. Ann. 222.)
So, where one of the venire men fails to respond as his
name is called, it is not error to refuse a postponement
until the juror can be brought in. (*Boles* v. *State*, 24
Miss. 454; *Shaw* v. *State*, 32 Tex. Cr. Rep. 155; *Jones* v.
*State*, 31 Tex. Cr. Rep. 177; *Johnson* v. *State*, 94 Ala. 35;
*Johnson* v. *State*, 47 Ala. 10; *United States* v. *Byrne*, 7
Fed. Rep. 455; *Mansell* v. *Regina*, 8 El. & B. 70; *State* v.
*Breaux*, 32 La. Ann. 222.) Defendant was present at
the time the case was set, as it appears that he pleaded,
and must therefore have been present. Defendant
must show affirmatively that he was absent. (*People*
v. *O'Brien*, 88 Cal. 490.) It is not a ground for new
trial. (*People* v. *O'Brien*, 88 Cal. 490; Pen. Code, sec.
1181, subd. 1.) The instructions of the court are
ample. Specific instructions must be asked for. (*Peo-
ple* v. *Ah Loy*, 57 Cal. 566; *People* v. *Olsen*, 80 Cal. 122;
*People* v. *Marks*, 72 Cal. 46; *People* v. *Flynn*, 73 Cal. 511.)
Those refused were so because they had been given
already in substance. That is sufficient. (*People* v.
*Roney*, 100 Cal. 375; *People* v. *Hawes*, 98 Cal. 648.) The
court is not required to repeat itself. (*People* v. *Cowgill*,
93 Cal. 596; *People* v. *Cochran*, 61 Cal. 550; *People* v.
*Lexon*, 79 Cal. 630, 631; *People* v. *Douglass*, 100 Cal. 1, 3.)
Instructions are to be considered together. (*People* v.
*Etting*, 99 Cal. 577.)

The COURT.—Appellant was convicted of murder in
the first degree. His motions for a new trial and in

arrest of judgment, respectively, were denied, and he was duly sentenced to be hanged. He now appeals from the said judgment and the orders denying said motions.

The first question presented goes to the sufficiency of the information. The information charges the defendant with a felony, " to wit: Murder, committed as follows: The said Patrick J. Collins, on the ninth day of October, A. D. 1893, at the said city and county of San Francisco, state of California, did then and there willfully," etc., kill and murder one Sarah Collins.

It is argued on behalf of appellant that this information does not show that the offense was committed within the jurisdiction of the superior court of said city and county, because that court has not jurisdiction over all the territory embraced therein, but that the federal courts have exclusive jurisdiction of portions thereof, and that therefore the general allegation that the offense was committed " at the city and county of San Francisco" is not sufficient.

This objection concedes the jurisdiction of the superior court over all places within the limits of the city and county, except as to such parts, if any, over which the United States has exclusive jurisdiction. This exception is created by the constitution of the United States, which provides: " Congress shall have power to exercise exclusive legislation over such district (not exceeding ten miles square) as may, by cession of particular states and the acceptance of Congress, become the seat of the government of the United States, and to exercise like authority over all places *purchased* by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dockyards, and other needful buildings." (Const., art. I, sec. 8.)

Section 37 of our Political Code provides: " The state has the following rights over persons within its limits, to be exercised in the cases and in the manner provided by law: 1. To punish for crime."

Both the general and state governments assume the jurisdiction of the state over all the territory within its borders, the cases provided for in the constitution of the United States being regarded as exceptions merely, the exceptions depending upon the *fact of purchase* with the consent of the legislature. The jurisdiction of the state being general, and that of the United States exceptional, it is not necessary to negative, in an indictment or information in the state courts, the jurisdiction of the federal courts. It is like an exception in an act creating or defining a public offense, in which case it is held that if the exception is not necessary to the description of the offense it need not be alleged or negatived, but is matter of defense simply.

The mere ownership by the United States of land or property within the county does not show any federal jurisdiction over crimes committed upon it, as that fact does not oust the jurisdiction of the state; but the ownership must be acquired by *purchase* with the consent of the legislature, which is held to include the acquisition of property by eminent domain when that proceeding is authorized by the legislature. (*United States* v. *Cornell*, 2 Mason, 60; *United States* v. *Jones*, 109 U. S. 514.)

The federal jurisdiction, therefore, involves a question of fact, viz., a purchase by the United States, or the acquisition of property by a proceeding to condemn it, and of such questions courts will not take judicial notice. It is a matter of common knowledge that the United States occupies buildings for custom-house, postoffice, and other purposes, but whether such buildings have been purchased by the United States, or whether they are occupied under leases from private owners, is a matter to be proved by the record of the conveyances.

The information in question conforms to the statutory precedent given in section 951 of the Penal Code, in the particular under discussion, and as this court cannot, as matter of law, say that the federal courts

have exclusive jurisdiction over any part of the city and county of San Francisco, the jurisdiction of the court is sufficiently alleged; and the objection here urged is not based on any evidence tending to show that the court did not, in fact, have jurisdiction. The exceptional character of the federal jurisdiction is further shown by the precedents used in the federal courts, which allege not only that the place where the offense was committed was within the jurisdiction of such court, but that it was not within the jurisdiction of any state.

What has been said points out the distinction between this case and the case of *People* v. *Wong Wang*, 92 Cal. 281. There the offense was a misdemeanor, over which, if committed in the city of Los Angeles, the police court had exclusive jurisdiction, and, as such jurisdiction was given by law, and therefore must be judicially noticed, it did not appear upon the face of the information that the superior court had jurisdiction, since its jurisdiction depended upon a fact which did not appear, namely, that it was committed in that part of the county outside of the city.

The motion in arrest of judgment in the case at bar was properly denied.

During the formation of the jury one of the venire men failed to respond to his name when called by the clerk, whereupon defendant's attorney moved that an attachment issue for him, and that proceedings be stayed until he could be brought into court and examined touching his qualifications to serve as a juror; but, it appearing to the court that there was then present more than enough venire men to fill the panel, the motion was denied. Like motions were made as to other jurors who failed to answer.

This ruling was not erroneous. If the court were required to suspend proceedings until an attachment could be served and the jurors present secured, the impanelment of a jury in a murder case would often prove almost interminable. The power of the court to

excuse a qualified juror who is present is undoubted, and no reason is perceived why the court may not assume that the failure of the juror to answer is based upon a sufficient reason, and refuse to issue an attachment. Whether an attachment shall issue is within the discretion of the court. Section 238 of the Penal Code provides that: "Any juror summoned, who willfully and without reasonable excuse fails to attend, may be attached and compelled to attend."

In *People* v. *Arceo*, 32 Cal. 40, it was said: "But a qualified juror may be rejected, and still a jury of lawful men, against whom there is no objection, may be obtained. A party is entitled to a lawful jury, but no decision has been brought to our notice to the effect that under all circumstances he is, as a matter of absolute right, entitled to have the first juror called who has all the statutory qualifications."

Unless the defendant has an "absolute right" under the law to have the first juror called present to be examined before he is required to proceed, it must appear that he has been prejudiced in order to make the error, if it is one, available, and no prejudice appears.

Defendant objected to the panel "to lay the foundation for another motion," but what motion he intended to make, or what objection he made, to the panel does not appear. It was said by counsel that "in impaneling and drawing of special jurors the code was not followed"; but in what respect is not stated, and does not appear. We have carefully gone over the proceeding relating to the securing of a jury, and find nothing to which the objection could properly apply.

Several objections were taken by the defendant to the disallowance of challenges for actual bias. The examination of these jurors disclosed the fact that, so far as any of them had formed an opinion as to the guilt of the defendant, such opinion was based upon newspaper statements, and that it would not prevent them from acting fairly and impartially as jurors.

The rulings of the court upon these challenges were

clearly within the law as stated in *People* v. *Wells,* 100 Cal. 227. (See Pen. Code, sec. 1076.)

A juror, under examination touching his qualifications, said, in reply to a question, that he was a juror in the Goldenson case. He was then asked: "You don't believe in the plea of insanity, do you"? A. "No, sir." Q. "You don't believe in the plea of insanity in any case"? A. "Ordinarily not. No, sir." Counsel for defendant thereupon challenged the juror, and his challenge was denied. No defense based on insanity was made or contemplated. The challenge was properly denied.

Certain jurors summoned on a special venire failed to answer when called in the morning. At 2 o'clock they were present, and their names were then put in the box, though the names of those put in the box in the morning were not exhausted. Defendant's objection thereto was properly overruled. They did not cease to be of the venire because they did not appear in time to answer in the morning, nor could their names be properly placed in the box until they did appear.

The special venires ordered on December 27, 1893, and January 3, 1894, respectively, appear to have been in all respects regular. Besides, the challenge did not point out any supposed irregularity, nor is any ground of challenge shown in appellant's brief.

The juror, Rudolph Jordan, on examination by the prosecution, testified that he had conscientious scruples against the infliction of the death penalty, and was challenged on behalf of the people upon that ground, and the challenge was allowed under subdivision 8 of section 1047 of the Penal Code. Counsel for defendant then asked permission to further examine the juror. The court did not abuse its discretion in refusing the request.

Counsel says in his brief that " placing names once drawn and disposed of in the box to be drawn again is irregular and erroneous." We are not referred to any part of the record in which it appears that it was done,

and we are unable to find any basis in the record for the point stated.

A witness for the prosecution, called in rebuttal, was asked upon cross-examination whether he executed a bond for certain Chinamen under the internal revenue laws, and whether he had not been paid for doing so? He answered that he had executed the bonds, but denied that he was paid for it. When the prosecution rested, counsel for defendant asked for time to get a witness by whom he stated he could prove that Kelly (the people's witness) was paid for going upon these bonds, and this for the purpose of discrediting Kelly as a witness.

The evidence proposed was inadmissible.

It is said by counsel for defendant that the case should not have been set for trial during the absence of defendant. The minutes of the court show that on the day set for the defendant to plead he entered his plea, and the case was set for December 9, 1893; and the minutes of December 9th show that the case was continued until the 27th. The bill of exceptions does not show that the defendant was not present, and it must therefore be presumed that he was.

Certain instructions asked by defendant were refused because already given in the instructions prepared by the court. Such refusal was proper.

The instructions given were concise, clear, and in no respect subject to the remark of counsel that in effect the court charged "the jury with respect to matters of fact," in violation of the constitution.

It is not necessary to notice at length the remark of counsel as to the general effect of the rulings of the court being prejudicial to the defendant, while conceding that the several rulings, separately considered, were not prejudicially erroneous. If such rulings become so frequent as to possibly create a prejudice in the minds of the jury the cause thereof is not chargeable to the court.

The jury were amply justified in finding the defense

CV. CAL.—33

of an *alibi* not proven, and in finding the defendant guilty of murder in the first degree.

We find no error of which the appellant can complain. The trial seems to have been conducted with great care and fairness by the court below, and we have given the record such careful examination as the great gravity of the case demands.

We advise that the judgment and order appealed from be affirmed.

TEMPLE C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

GAROUTTE, J.,      HARRISON J.,
McFARLAND, J.,      DE HAVEN, J.,
VAN FLEET, J.