[Crim. No. 454. In Bank.—April 6, 1899.]

THE PEOPLE, Respondent, v. THOMAS EVANS, Appellant.

CRIMINAL LAW—MURDER—MALICE—INSTRUCTIONS.—An unusual instruction upon the subject of murder, making an absence of considerable provocation, an alternative of malice aforethought, though not commendable, is not ground of reversal, when the law upon the subject is elsewhere fully given, and malice aforethought as a necessary element of murder is clearly declared, so that the jury could not have been misled.

ID.—JURY—CHALLENGES FOR ACTUAL BIAS—EXCEPTION—REVIEW UPON APPEAL.—Challenges to jurors upon the ground of actual bias by a defendant who has exhausted his peremptory challenges, are

the subject of exception, and may be reviewed upon appeal, where the question comes before this court as matter of law, but the decision of the trial court will not be disturbed where the question presented is one of fact, or where a finding by the court either way upon the challenge would have support in the evidence.

ID.—DISQUALIFICATION OF JUROR—OBJECTION UPON APPEAL.—An objection to the disqualification of a juror, upon the ground that he was not a citizen of the United States, cannot be urged for the first time upon appeal.

APPEAL from a judgment of the Superior Court of Nevada County and from an order denying a new trial. F. T. Nilon, Judge.

The facts are stated in the opinion of the court.

J. M. Walling, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

GAROUTTE, J.—The defendant has been convicted of the crime of murder and sentenced to imprisonment for life. He now appeals to this court.

The following instruction given to the jury is assailed as containing an unsound declaration of law: "If the jury believe from the evidence that the defendant, with malice aforethought, or without considerable provocation, inflicted a wound upon Robert Holland, and that Robert Holland died from the wound so inflicted by the defendant, and that there was no justification for the infliction of said wound, the defendant must take the whole consequence of his wrongful act, and the jury find him guilty of murder." We have been referred to no instruction in the reports of this state couched in language at all similar to the foregoing, and we apprehend there is none. It has been suggested by this court upon many occasions in the past that it is always dangerous to attempt the statement of well-established principles of law in new and different ways. Approved instructions bearing upon the question of malice in cases of murder may be found in the reports of this state by the score. It would have been much better to have followed the lines there marked out. It is always the safer, and therefore the better,

course, for trial judges to follow the broad and well-traveled
road laid out by the decisions this court rather than to risk
the danger of traveling upon crooked and unknown paths.
These suggestions have been made many times; yet thus far
they appear to have fallen upon stony places, for they have
brought forth no fruit.

The foregoing instruction has called for careful considera-
tion. It has given the court much thought. Upon first inspec-
tion, it would seem that the giving of it demanded a new trial
of the case, but it has been finally concluded to the contrary.
The court has arrived at this conclusion in view of the many
other instructions bearing upon the question of malice which
are found in the charge and which are legally sound. Malice
aforethought, as a necessary element of murder, is clearly de-
clared. The jury are told that there is no such thing as murder
unless malice aforethought is present in the mind of the defend-
ant at the time of the killing. The jury are instructed: "Mur-
der is the unlawful killing of a human being with malice afore-
thought. If you find that the defendant killed the deceased,
then you must determine if the killing was with malice afore-
thought, for this is the grand criterion that distinguishes mur-
der from other killing, and this malice aforethought is not
merely a spite or malevolence to the deceased in particular, but
is an evil design in general." It is then declared that malice
is express "when there is manifested a deliberate intention un-
lawfully to take away the life of a fellow-creature. It is im-
plied when no considerable provocation appears, or where the
circumstances attending the killing show an abandoned and
malignant heart." In another portion of the charge the jury
are told: "The presence or absence of malice is the distinguish-
ing feature between murder and manslaughter. If malice en-
ters into the unlawful act by which death is caused, it is mur-
der; but, if malice be wanting, it is but manslaughter." In
view of these instructions, which appear to cover every phase of
the law as to malice in cases of murder, it is apparent that the
jury could not have been misled by the instruction of which
complaint is made.

The statute says that malice is implied when no considerable
provocation appears, or where the circumstances of the killing

show an abandoned and malignant heart.   If the killing be un-
lawful, and the circumstances of the act show an abandoned
and malignant heart, then there is no room for manslaughter
in such a case.   It is murder.   Or, if the killing be unlawful
and the act of killing be done without considerable provocation,
there is no room for manslaughter in such a case, for the cir-
cumstances, *ex necessitate*, show a case of implied malice, and,
therefore a case of murder.   (*People v. Bruggy*, 93 Cal. 476,)
This seems to be the line followed by the trial judge in giving
the instruction.   The language used is somewhat unfortunate in
this, that it is susceptible of the construction that: 1. Defendant
may be guilty if malice aforethought is established; or 2. He
may be guilty under certain circumstances, even though there be
no malice aforethought.   Of course, in every case of murder
there must be present the element of malice.   The judge recog-
nized that fact, and stated the law to the jury to that effect more
than once, and, if this instruction declared the law otherwise, it
would be clearly and prejudicially erroneous.   But, as already
suggested, in view of the other instructions covering the law
upon the question, wherein it is declared that malice afore-
thought is the grand criterion that distinguishes murder from
other killing, and when it is further said that the "presence or
absence of malice is the distinguishing feature between murder
and manslaughter," it is evident the jury could not have been
misled.   In view of the direct and explicit instructions declaring
that malice was a necessary element in every crime of murder,
the court is bound to assume the jury so understood the law, in
the absence of some other instruction declaring to the contrary.
An instruction which may to some extent only inferentially point
in that direction is not sufficient.

The second proposition discussed by appellant's counsel arises
in the challenge of two jurors upon the ground of actual bias,
appellant having exhausted all his peremptory challenges.   It
is suggested by the brief of the attorney general that the statute
allows no exception to a ruling of the court in denying a chal-
lenge to a juror upon this ground.   This contention has no force;
it comes too late.   The law in this state at the present time is
to the contrary.   (*People v. Wells*, 100 Cal. 227, 231; *People v.
Collins*, 105 Cal. 511; *People v. Fredericks*, 106 Cal. 559; *People* ·

*v. Owens*, 123 Cal. 482.) Yet, notwithstanding such is the law, it is said in the Wells case, and again in the Fredericks case, that it is only where the question comes before this court as matter of law that its appellate jurisdiction may be invoked; and where the question presented is one of fact the trial court is the final arbiter. We are clear that the question as presented by this record is not one of law, but of fact. In speaking to a similar question in the Fredericks case the court said: "But the evidence of these various jurors, taken upon their *voir dire*, is not at all conclusive that they were disqualified from acting in the case. When the matter was submitted to the court for a decision upon the evidence taken, it can at least be said the question was an open one as to their disqualification. The evidence of each juror was contradictory in itself; it was subject to more than one construction. A finding by the court either way upon the challenge would have support in the evidence, and under such circumstances the trial court is the final arbiter of the question." The foregoing language of this court is entirely *a propos* to the case before us.

It appears by affidavits upon motion for a new trial that one Dahl, a juror who sat in the case, was not a citizen of the United States, and this fact is relied upon for a new trial. After verdict is rendered it is too late to raise for the first time the question now presented. (*People v. Chung Lit*, 17 Cal. 320; *People v. Mortier*, 58 Cal. 267.) Counsel admit the soundness of this doctrine as a general proposition, but insist that the present case is an exception to the rule. The general doctrine is based upon the proposition that the objection comes too late, inasmuch as counsel should examine the juror as to his general qualifications in the first instance. Here it is now claimed that the trial judge examined the jurors as to their general qualifications, and, therefore, counsel were not called upon to do it. The record does not bear out counsel's claims in this regard. The judge did not examine the jurors as to their general qualifications. He simply stated to them the general qualifications demanded of them by the law, and announced that they should answer as to those qualifications when interrogated by counsel. It now appears that counsel failed to embrace the opportunity presented to him for their interrogation. Conceding exceptions

may be found to the general principle of law here involved, it may be readily seen that this case does not come within such exceptions.

For the foregoing reasons the judgment and order are affirmed.

McFarland, J., Harrison, J., and Henshaw, J., concurred.

TEMPLE, J., dissenting.—I dissent. The jury are specifically instructed that if the defendant inflicted a mortal wound without malice and without considerable provocation, and there was no justification, they must find him guilty of murder. This error is not cured by any number of other instructions defining murder. It is error to give contradictory instructions. The jury cannot determine between them, nor in this case can we tell which they accepted. Besides, it was telling the jury that they must find the defendant guilty if he inflicted the mortal wound, and there was no considerable provocation, notwithstanding these definitions; or, perhaps, it was an instruction to the effect that if there was no considerable provocation, as matter of law the killing was deemed to have been done with malice aforethought. This, I think, is the reasonable and natural construction of the instructions on this subject taken together. Of course, the jury is bound to accept all as correct.

It has been held, and I think properly, that when some essential qualification is omitted from some particular instruction, the case will not necessarily be reversed if the omitted qualification is supplied elsewhere, but if essentially contradictory instructions are given, it must certainly be error.

At best, the jury were told that if defendant killed deceased, he is guilty of murder or manslaughter, depending upon whether the provocation was considerable or not.