BENJAMIN F. NAYLOR v. THE METROPOLITAN STREET-RAILWAY COMPANY.

No. 13,002.   (71 Pac. 835.)

SYLLABUS BY THE COURT.

JURY AND JURORS— *Qualifications—Prejudice against Non-residents.*   When, in an action to recover damages for personal injuries, brought by a non-resident plaintiff, a juror testifies, in response to questions propounded to him touching his qualifications, that he has a prejudice against non-residents bringing such actions in the courts of this state where they might have been brought in the courts of the state of which plaintiff is a resident, and further testifies that he will require more evidence in such case on the part of plaintiff, it is error to overrule a challenge of

such juror for cause and compel plaintiff to try his case to a jury of which such juror is a member, notwithstanding the juror further testifies that he will be bound by the evidence received on the trial and follow the law as declared by the court.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed March 7, 1903. Reversed.

*Bird & Pope*, for plaintiff in error.
*Miller, Buchan & Morris*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. : This action was brought by Benjamin F. Naylor against the Metropolitan Street-railway Company to recover damages for personal injuries alleged to have been received by him on account of the negligence of the defendant company. There were verdict and judgment in favor of plaintiff for the sum of $100. Plaintiff brings error.

While many grounds of error are alleged and urged, we shall consider but one. In impaneling the jury which tried the case, one August Baker was called. In response to questions propounded by counsel for plaintiff touching his qualifications to sit as a juror, Baker responded as follows :

"Ques. Now, Mr. Baker, if it should appear from the evidence on the trial of this case that the plaintiff lives in Kansas City, Mo., and never lived in Wyandotte county, Kansas, and could have brought this suit in Jackson county, Missouri, if he had wanted to, would you have a prejudice against the plaintiff's bringing said suit in Wyandotte county, Kansas? Ans. Yes, I would.

"Q. Would it take more evidence in such case before you would find a verdict for the plaintiff? . A. Yes, it would. He would have to show me that he

had a good case, and I would require more evidence on the part of the plaintiff in such a case."

Upon further examination, the juror stated he would be bound by the evidence in the case and follow the instructions of the court, and give the plaintiff a fair trial, and not allow his prejudice against non-resident plaintiffs to influence him in arriving at a verdict.   The juror was challenged by plaintiff for cause.  Thereupon the following colloquy occurred between the court and counsel engaged in the trial of the case :

."Ques. (by the court) :  How do I know.that the plaintiff is a non-resident of the state of Kansas? Does his petition state that he is a non-resident?   Ans. (by Mr. Bird) :  No, it is not alleged in his petition that he is a non-resident, but there is no question that the plaintiff is a non-resident and resides in Jackson county, Missouri.

"Q. (by the court) :  Is it admitted in this case that the plaintiff is a non-resident of Wyandotte county, Kansas?  A. (by Judge Miller, attorney for defendant) :  We neither admit it nor deny it.   (By the court) :  Challenge overruled."

Plaintiff, having exhausted his peremptory challenges, and being thus compelled to accept Baker as a juror, complains.

It cannot be doubted that plaintiff has the constitutional right to have his cause tried by a jury in the courts of this state, if he so desires.   He also has the right to have the jury impaneled to try his cause composed of men whose minds are unbiased and unprejudiced against either himself or his cause of action. Against the theory of the present jury system there may be plausible argument made, but against the practice in all courts of requiring an unprejudiced jury in the trial of jury cases no argument can be made.   In

this all the authorities agree. (*M. K. & T. Rly. Co. v. Munkers*, 11 Kan. 223; *The State v. Otto*, 61 id. 58, 58 Pac. 995.)

It is, however, contended by counsel for defendant in error, in support of the ruling made, that the prejudice of the juror shown in this case is against the practice of citizens of Missouri coming into this state for the purpose of instituting damage actions in the courts of this state, and not resorting to the courts of their own state, and that such prejudice is not a prejudice against the person of plaintiff, or his cause of action, and many cases are cited in support of this contention. No doubt there are cases where such rule would be applicable. It has no place here. The juror here says he has a prejudice against the very course of conduct pursued by plaintiff in the bringing of the action which he is called to try, and for this reason he will require more evidence in support of plaintiff's cause of action than he would require if plaintiff were a resident of this state. This will not do. Impartiality in jurors and freedom from bias or prejudice against either party, or his cause of action, are essential to the due and orderly administration of justice, and must be required.

Again, it is argued in support of the ruling that the trial court was not advised at the time of the ruling upon the challenge that plaintiff was in fact a citizen and resident of the state of Missouri. From the above-quoted colloquy between counsel and the court, we are of a contrary opinion. True, at the time the challenge was made, no one had testified that plaintiff was a resident of Missouri, but counsel trying the case were officers of the court, acting in the discharge of their duties under their oath of office. In response to the direct inquiry made by the court, counsel for

plaintiff, in his professional conduct of the case, upon his professional honor, stated that "there was no question that the plaintiff is a non-resident, and resides in Jackson county, Missouri." There being nothing to the contrary, after such positive statement of counsel, it cannot be thought that there would remain in the mind of the court a doubt as to the fact inquired of, or that the court was longer in doubt as to the fact of plaintiff's residence in Missouri, and for this reason overruled the challenge. Courts must rely on professional statements of counsel so made, and counsel must so conduct themselves that the courts will and may rely on such statements.

It is finally contended in favor of the ruling made that section 307 of the civil code (Gen. Stat. 1901, § 4755) should preclude a reversal of this case. This section reads :

"A new trial shall not be granted on account of the smallness of the damages, in an action for an injury to the person or reputation, nor in any other action where the damages shall equal the actual pecuniary injury sustained."

If the ground of error in this case were the amount of damages awarded plaintiff, the question sought to be raised in argument would be at issue. The errors complained of in this record are not as to the amount of damages awarded to plaintiff but as to matters occurring upon the trial aside from, and independent of, the extent of the damages awarded, which, however, in the very nature of things, may, in a measure, account for the verdict returned.

It is insisted by counsel for plaintiff in error that instruction No. 4 given by the court is erroneous. This, however, would depend upon the presence or absence in the record of evidence tending to show

permanent injury to plaintiff. We have not examined the evidence upon this question and do not now decide the same, as it may not arise upon another trial.

For the error committed in the overruling of the challenge as to the juror Baker, the judgment must be reversed and a new trial awarded.

All the Justices concurring.