THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
RAFAEL FRATICELLI, Defendant and Appellant.

No. 13921.   Argued June 16, 1949.—Decided July 15, 1949.

*Luis A. Noriega* for appellant.   *Vicente Géigel Polanco, Attorney
General, J. Rivera Barreras, Fiscal of the Supreme Court,*
and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of
the Court.

Rafael Fraticelli was found guilty by a jury of murder
in the first degree.   Prior to the pronouncement of sentence
he filed a "Motion to Set Aside Verdict and Petition for a

New Trial" on the ground that one of the jurors who tried the case was incompetent to act as such because of his age, since at the date he took oath as member of the jury he was over 70 years of age, and that therefore the verdict rendered was contrary to law.

After a hearing in which documentary and oral evidence was introduced by both the defendant and the People of Puerto Rico, the lower court overruled the motion, holding that, as a question of fact, the juror challenged, whose name was Juan Orta Pérez and not Juan Acisclo Orta Pérez as maintained by defendant, was not 70 years old at the date the trial was held, and that defendant had waived his right to challenge the competency of the jury by admitting its capacity when the jury was impaneled and by the discussion of the motion to set aside the verdict and for a new trial. As a question of law, the lower court held that the verdict was not void on the ground alleged by defendant that one of the jurors lacked the qualification of age required by statute to act as such.

Defendant has appealed from the decision of the lower court, charging the court with three errors, as follows:

"(1) In not deciding the motion filed to set aside the verdict notwithstanding the evidence introduced by defendant on questions of fact.

"(2) In not taking into consideration the factual situation set forth by defendant, which is upheld by law.

"(3) In not setting aside the verdict and ordering the new trial requested." ·

██ We deem it unnecessary to consider separately each of the errors assigned. The Attorneys of this Court correctly contend, as was previously argued by the attorneys of the district court, that a motion for a new trial predicated on the unfitness of a member of the jury to act as such is not proper. We agree with them, and although the decision appealed from could be affirmed for the reasons set forth therein, we should, however, base its affirmance, in view of

the law and the decisions, on the ground that under § 303 of the Code of Criminal Procedure—equivalent to § 1181 of the Penal Code of California—expressly enumerating the grounds upon which the trial court is justified in granting a new trial,[1] a new trial can be granted only on such grounds and none other.  *People* v. *Vega*, 69 P.R.R. 376; *People* v. *Amer* (1907), 151 C. 303, 90 P. 698; *People* v. *Skoff* (1933), 131 C.A. 235, 21 P. (2d) 118; *People* v. *Fry* (1934), 137 C.A. 525, 31 P. (2d) 204; *People* v. *Kingsbury* (1945), 70 C.A. (2d) 128, 160 P. (2d) 587; 8 Cal. Jur., § 442, p. 414.

■■ The lack of any of the legal qualifications necessary for a person to be a competent juror (§ 225 of the Code of Criminal Procedure) is one of the general causes of challenge to a particular juror.  The challenge should be taken when the juror appears and before he is sworn to try the cause, but the court may for cause permit it to be taken after the juror is sworn and before the jury is completed.

---

[1] "Section 303.—(*As amended by Act No. 12 of March 12, 1908, p. 54.*) —When a verdict has been rendered against the defendant, the court may, upon his application, grant a new trial, in the following cases only:

"1. When the trial has been had in his absence, if the information is for a felony;

"2. When the jury has received any evidence out of the court other than that resulting from a view of the premises;

"3. When the jury has separated without leave of the court, after retiring to deliberate upon their verdict, or been guilty of any misconduct by which a fair and due consideration of the case has been prevented;

"4. When the verdict has been decided by lot, or by any means other than a fair expression of opinion on the part of all the jurors;

"5. When the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial;

"6. When the verdict is contrary to law or evidence;

"7. When new evidence is discovered material to the defendant, and which he could not, with reasonable diligence, have discovered and produced at the trial.  When a motion for a new trial is made upon the ground of newly, discovered evidence, the defendant must produce at the hearing in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as, under all the circumstances of the case, may seem reasonable."

Section 221 of the Code of Criminal Procedure. Any objection to the qualification of a juror should be made before he is sworn and it comes too late if made after the verdict. *Spivey* v. *U. S.,* 109 F. 2d 181, cert. den. 310 U. S. 631, 84 L. ed. 1401; *Hollingsworth* v. *Duane,* 4 U. S. 353, 1 L. ed. 864; *Durham* v. *State,* 188 S. W. 2d 555, 160 A.L.R. 746; *State* v. *Buttry,* 90 P. 2d 1026; *People* v. *Duncan,* 96 P. 414; *People* v. *McFarlane,* 71 P. 568, 61 L.R.A. 245; Anno. 116 A.L.R. 679.

■■ The defendant contends that in his case the disqualification of the juror rendered the verdict "contrary to law" and that on such ground a new trial should have been granted pursuant to subdivision 6 of § 303 of the Code of Criminal Procedure.

The phrase "contrary to law" as a ground for granting a new trial means *opposed to the law* applicable to the case in the light of the evidence introduced. It does not include the ground alleged by defendant with regard to the incompetency of a member of the jury due to the lack of the requisite of age. 8 Cal. Jur. § 445, p. 419. Consequently, we should state that the incompetency of a juror for lack of one of the requirements established by § 186 of the Code of Criminal Procedure is not a ground for a new trial and can not be raised for the first time by such a motion. *People* v. *McFarlane, supra; People* v. *Evans,* 124 Cal. 206, 56 P. 1024; *People* v. *O'Brien,* 88 Cal. 483, 26 P. 362; *People* v. *Samsels* (1884), 66 Cal. 99, 4 P. 1061; 8 Cal. Jur., § 443, p. 416, even though the disqualification is not known until after the trial. *People* v. *Boren* (1903), 139 Cal. 210, 72 P. 899; *People* v. *Fair,* 43 Cal. 137; *People* v. *Duncan, supra;* 8 Cal. Jur., § 443, p. 416.

For the reasons stated, the decision appealed from is affirmed.