Gray et al. v. People.

---

SILAS GRAY *et al.*, Plaintiffs in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO COMMON PLEAS OF THE CITY OF AURORA.

The Common Pleas Court of Aurora has discretion in criminal cases, to grant or deny a change of venue.

Although a juror states he has not formed and expressed any opinion of the guilt or innocence of the accused, has no bias or prejudice, and can give him a fair trial, yet if he declares that he has read a published statement of a house-breaking, and that if accused was one of those named in the publication, he has an opinion of his guilt or innocence, not based upon any hypothesis of the truth of the publication, he is disqualified.

A prisoner ought not to be forced to encounter a pre-existing opinion, deliberately formed, which the juror believes to be true, and which the prisoner would be obliged to overcome.

An approver is known to the law only in capital offenses.

An accomplice may be a witness.

SILAS GRAY and James Van Allen were indicted for burglary and larceny, in the Court of Common Pleas for the city of Aurora, PARKS, Judge, presiding, and were tried and convicted.

*William H. Anderson*, called as a juror, and examined by prisoners' counsel, stated: " don't know these defendants; have heard about the burglary, have read about it in the papers; I believe the report; there was a house breaking; if these defendants are the persons named in the newspapers, I have an opinion about their guilt or innocence; in the papers one of the persons named might have been Silas Gray, and if it should turn out that Silas Gray was one of the defendants, I should have an opinion as to their guilt or innocence." Examined by the court, he stated: " I don't know the defendants, don't know whether Silas Gray is one of the defendants or not; I have no opinion as regards the guilt or innocence of the defendants." Anderson was challenged by the prisoners, but the challenge was refused, and he was sworn as a juror.

After several witnesses had been examined for the prosecution, *John Porter* was called for the People. The prisoners objected to his being sworn. They examined him on his *voir dire*, and he answered as follows: " I was one of the men who committed the burglary in George M. Hadden's house, in the night of the 11th March, A. D. 1861." It was here admitted by the

prosecutor, that John Porter was an accomplice to the burglary and larceny, and that he had been separately indicted by the grand jury for the said offense, but that said John Porter had not been arraigned upon said indictment, nor pleaded to the same. Objection was made to his testifying. The objection was overruled.

The prisoners were found guilty, and sued out this suit of error.

C. J. METZNER, for Plaintiffs in Error.

D. P. JONES, State's Attorney, for the People.

BREESE, J. There is no ground for the objection that the defendants were not furnished with a copy of the indictment, and a list of the jurors and witnesses previous to their arraignment. The record recites they were so furnished, and after a reasonable time for consideration and deliberation, their counsel consented to the arraignment, whereupon the plea of not guilty was interposed.

The defendant, Van Allen, for himself and co-defendant, then filed an affidavit for a change of venue, setting forth the facts, that the minds, not only of the inhabitants of the city of Aurora, but of the county of Kane also, were so much prejudiced against them that they could not expect a fair trial in the courts of either, and prayed a change of venue to some county where the causes complained of did not exist. The affidavit goes into particulars, and states facts showing how the minds of the people of the city and county had been operated upon, to prejudice their case.

The court overruled the motion, and this is the first objection.

The affidavit was made under the general law, providing for a change of venue, and states all that is required by that law, as reasons, or grounds, for a change. (Scates' Comp. 258). Upon this application, a change of venue was a matter of right to the prisoners.

Section 8 of the city charter of Aurora (Session Laws (private), 1857, page 393,) has no application to this case. The object of that section is to provide for a *quasi* change of venue from the Court of Common Pleas of the city of Aurora, to the Circuit Court of the county in which that city is situate. That was not the object of the prisoners in this application, the same causes being alleged to exist in the county as in the city. The general law, however, has been changed by the act of Feb. 21, 1861 (Session Laws of 1861, page 182), leaving it entirely discretionary with the court to grant or deny a petition for a change

23

of venue. The second section of that act provides that such petition shall be verified by affidavit of the defendant, as now required by law; and said court shall hear said petition, and shall have power to grant or deny the same.

The court having a discretion, and having denied the petition, error cannot be assigned on the decision.

It is objected that the challenge for cause of a juror, William H. Anderson, should have been allowed. A critical examination has satisfied us this is a good point. This juror, on his examination, stated that he had read about the case in the papers, that he did not know the defendants, that he believed the reports that there was a housebreaking; if these defendants are the persons named in the newspapers, has an opinion of their guilt or innocence. In the papers, one of the persons named may have been Silas Gray; and if it should turn out that Silas Gray was one of the defendants, should have an opinion as to their guilt or innocence; does not know that Silas Gray is one of the defendants, and has no opinion of the guilt or innocence of the defendants. This juror, with others objected to, declared he had not formed and expressed any opinion of the guilt or innocence of the defendants; that he had no bias or prejudice upon his mind, and could give the defendants a fair trial, according to the law and the evidence. This possibly might be so, but he declared on his examination, that he believed the statements in the newspapers that there had been a housebreaking, and if the prisoners were the persons named in the newspapers, he had an opinion of their guilt or innocence. He has formed an opinion, if it should turn out that one of the defendants was Silas Gray. These opinions are not hypothetical, if the newspaper statements were true, etc., but he says he believed those statements. This court said, in the case of *Smith* v. *Eames*, 3 Scam. 80, if the opinion of a juror is positive, though founded on rumor, and not hypothetical, he is disqualified; and this rule has been adhered to in criminal cases. *Gardner* v. *The People*, ib. 88. The prisoner ought not to be forced to encounter a pre-existing opinion, deliberately formed on statements believed to be true, and which he would be required to remove. Had the witness said he neither believed nor disbelieved the statements, he would have been competent.

Another objection is, that Porter, the principal witness against the prisoners, was an approver, and therefore disqualified.

Our criminal code, section 17, declares that approvers shall not be allowed to give testimony. (Scates' Comp. 377.)

What is meant by an approver? Who is he? We must look to the common law to ascertain, as our statute does not define him.

By the common law, approvement is said to be a species of confession, and incident to the arraignment of a prisoner indicted for treason or felony, who confesses the fact before plea pleaded, and appeals or accuses others, his accomplices, in the same crime, in order to obtain his own pardon. In this case, he is called an approver, or prover, *probator*, and the party appealed or accused is called the appellee. Such approvement can only be in capital offenses, and it is, as it were, equivalent to an indictment, since the appellee is equally called upon to answer it. (4 Blackstone's Com. 267.)

This course of admitting approvements has been long disused, and is now more a matter of curiosity than use, and it is strange that the legislature should have turned their attention to it. Porter was in no sense an approver. He was not indicted with Gray and Van Allen. He was an accomplice, and being such, turned state's evidence, no doubt, with the hope of escaping a prosecution. The evidence of such persons, is, in general, admissible against the prisoner on trial. Hawkins' in his Pleas of the Crown, Book 2, ch. 46, sec. 94, says, the rule is founded on necessity, since, if accomplices were not admitted, it would frequently be impossible to convict the greatest offenders. The party that is to be made a witness, ought not to be indicted, for that would weaken and disparage his testimony. He is usually admitted on motion to the court, and the court considers not only whether the prisoners can be convicted without the evidence of the accomplice, but also whether they can be convicted with his evidence. So an accomplice, not joined in the indictment, is a competent witness for the prisoner in conjunction with whom, he himself committed the crime.

It is further objected, that the testimony of the accomplice was uncorroborated. This is no objection. In a case tried before Justice Buller, the twelve judges were unanimously of opinion that an accomplice alone is a competent witness, and that if the jury, weighing the probability of his testimony, think him worthy of belief, a conviction supported by such testimony alone is perfectly legal. *Atwood's case*, 1 Leach, 464. In *Jones' case*, 2 Campbell, 132, Lord Ellenborough observed, "That judges in their discretion will advise a jury not to believe an accomplice unless he is confirmed, or only in so far as he is confirmed; but if he is believed, his testimony is unquestionably sufficient to establish the facts he deposes to." But if the judge exercises this discretionary power to advise, he ought to remember to tell the jury at the same time, that his testimony is not to be confirmed in every particular, but only as to some one fact or facts, the truth or falsehood of which goes to prove or disprove the offense charged against the prisoners.

*Addis' case*, 6 Car. & Payne, 388. Whether the evidence produced to confirm the accomplice is satisfactory or not, is a question which the jury are to determine. 1 Phil. Ev., 39, 9th edition.

We see no error in the ruling of the court in disposing of the instructions, but for the error in deciding the juror Anderson to be competent, the judgment must be reversed and the cause remanded.

*Judgment reversed.*