## William Noble Davis

### *v.*

## Laureston Walker.

1. Juror—*competency.* Where a juror answers that he has a fixed opinion on one of the points in issue to be tried, he is incompetent, and it is error to receive him against the objections of the party who challenges him for cause. Such a juror would not be inclined to give due weight to evidence adverse to his preconceived opinion, and is not indifferent between the parties.

2. Texas cattle—*damages by communicating Spanish fever.* The act of the general assembly assumes that Texas cattle, although free from disease, do communicate disease to other cattle, and whilst it is the duty of courts to enforce the act, it is not a legal presumption that this theory is true. That is a question of fact to be determined by a jury. The act makes the owner of Texas cattle liable for damages sustained from disease communicated by them, but it does not require a jury to believe, without evidence, or that it is a recognized scientific fact, that the disease is thus communicated. The act does not say the jury, in a suit for damages, must accept such a theory as true.

Appeal from the Circuit Court of Bureau county; the Hon. Edwin S. Leland, Judge, presiding.

Messrs. Wheaton, Smith & McDole, for the appellant.

Mr. B. F. Parks, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court

This was an action brought to recover damages, under the act of 1867, forbidding the introduction of Texas or Cherokee cattle into this State. The plaintiff recovered a verdict and judgment. One of the jurymen, when examined in regard to his competency as a juror, testified that, in his opinion, Texas cattle would communicate disease to native cattle, whether diseased themselves or not. He was objected to as a juror on this ground, but the objection was not allowed.

In this we think the court erred. The juror entered the box with an opinion already formed upon one of the main issues involved in this controversy. That the plaintiff's cattle died not long after the herd of Texas cattle passed along the road to the defendant's farm, was not denied. The question to be determined was, whether the disease which killed them was derived from the Texas cattle or produced by some other cause. If a juror had already a fixed opinion that a deadly malady walked in the footsteps of Texas cattle, though free from disease themselves, it is clear he would almost unavoidably attribute the death of plaintiff's cattle to that cause which he was already satisfied would produce such a result, no other cause being positively shown.

The record shows a good deal of evidence offered and received merely for the purpose of showing that Texas cattle, well themselves, do not communicate disease. This evidence was properly admitted, and yet it related only to the point on which this juror had already formed an opinion. His mind was certainly not in a condition to give it proper weight.

It is true, the act of the legislature, under which this suit was brought, is based upon the theory, assumed as true, that Texas cattle do communicate disease. The legislature, undoubtedly, was convinced this theory rested upon satisfactory evidence, and that the enactment of this law was a necessary precaution. It may have been so, but while it is the duty of

a court to enforce the act, it is not a legal presumption that this theory, in regard to the disease, is true. That is a question of fact which, when it arises, must be left open for the determination of a jury. The act makes the owner of Texas cattle liable for damages suffered through disease derived from them, but it does not require a jury to believe, without evidence, or as a recognized fact of science, that the disease is communicated in the manner supposed. The legislature itself was so convinced on this point, that it prohibited the importation of these cattle into the State, and this, we have decided in another case, it had the right to do, as a measure of prudent police, but it did not seek to say that a jury, in a suit for damages, must accept this theory as true.

We are of opinion this juror was not competent. We find no other error in the record.

The judgment of the court below is reversed and the cause remanded.