# CASES

### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ILLINOIS.

ANDREW W. RIDER

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 19, 1884.*

1. WITNESSES—*credibility—the jury to determine.* It is the peculiar province of the jury to determine whether any particular witness or witnesses are not worthy of belief, even though they are accomplices; and in passing upon a motion for a new trial, the court will not substitute its own opinion as to the credibility of witnesses for that of the jury.

2. SAME—*how to determine as to the weight or credibility to be given to testimony.* In determining the weight or credibility to be given to any statement of fact made by a witness in the course of his testimony, it is the duty of the jury to take into consideration all the evidence, whether circumstantial or otherwise, tending to disprove such statement of fact, and which would also include contradictory statements made by other witnesses.

3. SAME—*as to credibility of a defendant in a criminal prosecution, testifying in his own behalf—how to be determined.* On the trial of three defendants for larceny, the court instructed the jury "that in this State the accused is permitted to testify in his own behalf; that when he *does* so testify he at once becomes the same as any other witness, and his credibility is to be tested by and subjected to the same tests as are legally applied to any other witness; and in determining the degree of credibility that shall be accorded to his testimony, the jury have the right to take into consideration

the fact that he is interested in the result of his prosecution, as well as his demeanor and conduct upon the witness stand and during the trial; and the jury are also to take into consideration the fact, if such is the fact, that he has been contradicted by other witnesses. And the court further instructs the jury, that if, after considering all the evidence in this case, they find that the accused has willfully testified falsely to any fact material to the issue in this case, they have the right to entirely disregard his testimony, excepting in so far as his testimony is corroborated by other credible evidence:" *Held,* that there was no substantial objection to the instruction.

4. ACCOMPLICE—*conviction on his uncorroborated testimony.* Whatever may be the rule in other States with respect to the right of a jury to convict upon the uncorroborated testimony of an accomplice, it is well settled that the right exists here, and convictions on such testimony will not be disturbed by this court on that ground alone.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. VAN ARMAN & VALLETTE, for the plaintiff in error.

Mr. LUTHER LAFLIN MILLS, State's Attorney, and Messrs. MUNN & WHEELER, for the People.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Andrew Rider and John Sheridan, impleaded with James Sheridan, were tried before the court and a jury in the Criminal Court of Cook county, at its September term, 1883, for the larceny of a lot of hogs, of the value, as fixed by the jury, of $300, which had been stolen in January of that year from the pens of the Union Stock Yards and Transit Company. The jury found the defendants guilty, and fixed the time of their confinement in the penitentiary at one year. The defendants, by their counsel, entered a motion for a new trial, which, on their application, was not disposed of until the following October term, when the same, on due consideration, was overruled, and judgment entered upon the verdict. Rider, alone, brings the case here, and asks a reversal of the conviction so far as he is concerned. The reversal is asked

on two grounds, one of which presents a question of law, the other a question of fact.

It is first objected the court below erred in giving the People's fourth instruction, which is as follows:

"The court instructs the jury, as a matter of law, that in this State the accused is permitted to testify in his own behalf; that when he does so testify he at once becomes the same as any other witness, and his credibility is to be tested by and subjected to the same tests as are legally applied to any other witness; and in determining the degree of credibility that shall be accorded to his testimony, the jury have a right to take into consideration the fact that he is interested in the result of his prosecution, as well as his demeanor and conduct upon the witness stand and during the trial; and the jury are also to take into consideration the fact, if such is the fact, that he has been contradicted by other witnesses. And the court further instructs the jury, that if, after considering all the evidence in this case, they find that the accused has willfully and corruptly testified falsely to any fact material to the issue in this case, they have the right to entirely disregard his testimony, excepting in so far as his testimony is corroborated by other credible evidence."

It is said of this instruction: "The court finally instructs the jury, that if the testimony given by the defendants is contradicted, then the jury ought to take this fact (of such contradiction) into consideration in determining the weight and influence which they (the jury) would allow to the testimony given by said defendants themselves." And why not? Is it the view of counsel, the jury, in determining the weight or credit to be given to the exculpating statements of the accused, should have gone on and paid no attention to the fact these statements were contradicted by other witnesses? Do counsel wish to be understood as holding that the contradicted statement of a witness is, as a general rule, entitled

*prima facie* to the same weight or credit it would be if its truthfulness was not at all challenged? If such is the law it is difficult to see how any one could ever be convicted where the testimony of witnesses was conflicting. The injustice and unreasonableness of such a rule would doubtless be more apparent to counsel for the defendant if the People, instead of the accused, were seeking to enforce it. Suppose the court below, at the instance of the People, had instructed the jury that in determining the force and effect to be given to the testimony of Harty, who swears positively to the guilt of the defendants, they were not permitted to take into consideration the fact, if such is the fact, that Rider and Sheridan both swore they had no connection whatever with the crime imputed to them, is it not manifest such an instruction would have been erroneous? And yet it would have been warranted by the principle now contended for, unless the defendant's witnesses are to be governed by one rule and the People's by another,—a position which of course no one is prepared to sanction. We have always understood that in determining the weight or credit to be given to any statement of fact made by a witness in the course of his testimony, it is the duty of the jury to take into consideration all the evidence, whether circumstantial or otherwise, tending to disprove such statement of fact, which, of course, would include contradictory statements made by other witnesses; and the instruction in question does nothing more than lay down this general principle. We see no substantial objection to it. Indeed, it seems to have been expressly approved by this court in *Hirschman* v. *The People,* 101 Ill. 568.

The remaining question to be considered is the sufficiency of the evidence to sustain the conviction. Little need be said on this branch of the case. The case, so far as it depends upon the evidence, is well put by counsel for plaintiff in error. They say: "The testimony on behalf of the People, if true, clearly convicted the defendant, while that on behalf

of the defendant, if true, as clearly acquitted him. There was no possible mode of reconciling the conflict between the testimony of the witnesses on the respective sides. The only possible way in which the jury could reach a conclusion and render a verdict on the guilt or innocence of the defendant, was to give credit to and accept the testimony of the witnesses on one side, and discredit and reject the testimony of the witnesses on the other side." This is a fair and clear statement of the situation, and the jury have done precisely what counsel for the accused admit they were bound to do, and yet counsel are not satisfied. The contention is, that Harty and Coogan, the main witnesses against the defendants, being confessed accomplices, are unworthy of belief, and the jury therefore should have found the other way; but counsel seem to forget that whether these witnesses were or were not worthy of belief was the pivotal fact upon which the whole case turned, and one which it was the peculiar province of the jury to determine, and to reverse on the ground this question was improperly decided, would, under the circumstances of this case, be but substituting the opinion of this court for that of the jury upon a mere question of credibility of witnesses, which we are not prepared to do. Whatever the law may be in other States with respect to the right of a jury to convict upon the uncorroborated testimony of an accomplice, it is well settled the right exists here, and convictions upon such testimony will not be disturbed by this court on that ground alone. (*Collins* v. *The People*, 98 Ill. 584; *Friedberg* v. *The People*, 102 id. 160.) But even if the rule were otherwise, the conviction here might well be sustained, as there is clearly evidence in the record corroborating the testimony of Harty and Coogan.

The judgment will be affirmed.

*Judgment affirmed.*