## The People of the State of Illinois, Defendant in Error, v. Louis Zoeller, Plaintiff in Error.

### Gen. No. 5391.

1. DRAM-SHOPS—*what evidence will not reverse in prosecution for selling liquor in anti-saloon territory.* To sell liquor to a minor within such territory is illegal. The absence of the parent's consent is not material but to permit the lack of such consent to be shown is harmless error.

2. DRAM-SHOPS—*what evidence competent in prosecution for selling liquor in anti-saloon territory.* A question put to the defendant when called in his own behalf, inquiring as to why he had taken out a government license, is proper, but the error in refusing to permit it to be answered is cured where the court afterwards has permitted such defendant to explain that he procured a government license "because some fellows brought liquor there and left it for an hour or two."

3. DRAM-SHOPS—*when evidence convincing in prosecution for selling liquor in anti-saloon territory.* In such a prosecution the evidence is clear and convincing when it appears that the liquor came in bottles the size of ordinary beer bottles; that it looked like beer, tasted like a poor quality of lager beer, foamed like beer and produced the same effect as beer on the drinker; that the liquor was intoxicating; that the place where the defendant sold the liquor was in anti-saloon territory, and that the defendant had an internal revenue special tax stamp from the United States for the retail sale of liquor at his place of business at the time the sales were made.

4. INSTRUCTIONS—*when upon demeanor of defendant in criminal case erroneous.* An instruction relative to the demeanor of the defendant "upon the witness stand and *during the trial*" as to the italicized portion thereof is erroneous and ground for reversal unless the proof is so clear and convincing that the jury under the evidence could not reasonably have acquitted the defendant.

Prosecution for unlawful sale of intoxicating liquor. Error to the County Court of Lee county; the Hon. R. H. SCOTT, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

JOHN E. ERWIN, for plaintiff in error.

HARRY EDWARDS, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

An indictment containing thirty-five counts was returned by the grand jury of Lee county, charging Louis Zoeller with unlawfully selling intoxicating liquor in anti-saloon territory. The defendant pleaded not guilty. Upon a trial he was found guilty on three counts and fined thirty dollars on each count. The defendant prosecutes this writ of error to review that judgment.

The people were permitted to show by a minor that plaintiff in error sold liquor to him without the consent of his parents. It was immaterial whether he had the consent of the parents to sell to the minor, since if he sold intoxicating liquor to any person it was unlawful, but the error was harmless.

Plaintiff in error while a witness was asked to explain how he happened to take out a government license. An objection was sustained to this question. This ruling was erroneous. Afterwards, however, he was permitted to explain that he procured a government license "because some fellows brought liquor there and left it for an hour or two." This answer remedied the error in the ruling on the objection.

On the trial ten witnesses testified to the purchase of liquors called local option fizz and tempo from the plaintiff in error. These witnesses testified that liquor came in bottles the size of ordinary beer bottles; that it looked like beer, tasted like a poor quality of lager beer, foamed like beer and produced the same effect as beer on the drinker. They also testified that the liquor was intoxicating and many of them that they became drunk from drinking this liquor. It was also proved that the place, where the plaintiff in error sold the liquor, was in anti-saloon territory and that the plaintiff in error had an internal revenue special tax stamp from the United States for the retail sale of liquors at his place of business at the time the sales

were made. The only evidence presented by the plaintiff in error was his own testimony that the liquor was not intoxicating and that he sold openly with the knowledge of the village officials and clergy.

The proof is clear and convincing that he was guilty of the offenses charged and the jury might have convicted him on each count of the indictment.

The court at the request of the people gave an instruction relative to the demeanor of the plaintiff in error "upon the witness stand and during the trial." While that part of the instruction that concerns his demeanor during the trial should not have been given, and would cause a reversal of the case if there was any doubt of his guilt under the proof, yet when the proof is so clear and convincing as in this case, and the jury under the evidence could not reasonably have acquitted the defendant, the giving of this instruction is harmless error. People v. McGinnis, 234 Ill. 68; O'Donnell v. People, 224 Ill. 218; Rider v. People, 110 Ill. 11.

It is contended that the court erred in refusing two instructions requested by plaintiff in error. The first is in regard to the failure of the people to call witnesses subpoenaed on behalf of the state. There is no evidence on which to base the instruction and it was properly refused. The second refused instruction was given almost verbatim in number seven given. Finding no reversible error the judgment is affirmed.

*Affirmed.*