[Crim. No. 902. Second Appellate District, Division Two.—November 14, 1922.]

THE PEOPLE, Respondent, v. C. J. SULLIVAN, Appellant.

[1] CRIMINAL LAW—CRIMINAL SYNDICALISM—CHARACTER OF I. W. W.—OPINION OF JUROR—ACTUAL BIAS.—In a prosecution for criminal syndicalism, in which the character of the I. W. W. is the pivotal issue, the disqualification of a juror for actual bias, because of his opinion as to the illegal character of that organization, founded in part upon what persons had said, cannot be removed by his statement that he can and will set aside the opinion which he has formed and give the defendant a fair and impartial trial.

[2] ID.—SETTLED OPINION OF JUROR—DISQUALIFICATION.—It cannot be said that a juror is in a position to render an impartial and unbiased verdict, who at the beginning of the trial holds a settled opinion in relation to the truth of facts going to the very foundation of the case required to be made by the prosecution.

[3] ID.—ILLEGAL CHARACTER OF I. W. W.—EVIDENCE.—In a prosecution for criminal syndicalism, in which the ultimate fact which the prosecution is endeavoring to establish is the illegal character, teachings and acts of the I. W. W., this may be shown by literature authorized or issued by that organization, by witnesses whose past relation to the organization gave them first-hand knowledge, and by testimony of witnesses as to the specific acts of sabotage, arson and revolution within their knowledge; but it is error to permit a witness for the prosecution to testify as to what other persons had told him that they, as members of the I. W. W., had done in the way of acts of sabotage and lawlessness.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Reversed.

The facts are stated in the opinion of the court.

R. W. Henderson for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman and Erwin W. Widney, Deputies Attorney-General, for Respondent.

CRAIG, J.—The defendant was convicted of criminal syndicalism. He appeals from the judgment pronounced thereon, and from the order denying his motion for a new

trial. The information is substantially in the language of the statute. It charges the defendant with a violation of several inhibitions of the law known as the Criminal Syndicalism Act. The information contains but one count.

[1] Complaint is made that the court committed prejudicial error in disallowing challenges to the jurors Rankin and Morstad. Rankin testified that he had formed an opinion as to whether the Industrial Workers of the World is a lawful and peaceable organization. That he based his opinion upon newspaper statements, some literature purporting to be of the I. W. W., which a hired man had shown him, and also statements made by this man about the organization to him and to other men. Morstad stated that he had an opinion on the question as to whether the Industrial Workers of the World advocate and teach violence and terrorism, based on information he had seen in the public press and pamphlets which he understood were issued by the I. W. W., and also upon statements of persons claiming to tell the facts from their own knowledge concerning the organization, and which statements he believed to be true.

The prosecuting attorney, against the objection of defendant's counsel, was permitted to draw from each of these prospective jurors a statement that, notwithstanding his opinion upon the matters in question, he could and would give the defendant a fair and impartial trial. These jurors were challenged for actual bias, under subdivision 2 of section 1073, Penal Code.

The jurors had formed and still possessed opinions as to the illegal character of the I. W. W. These opinions were not based solely upon public rumor, common notoriety or statements in journals, and hence section 1076 of the Penal Code is inapplicable. They were founded in part upon what persons had said. Morstad's opinion was in part the result of what men had told him of things which they claimed to know of their own knowledge, and which he asserted were believed by him to be true. Therefore, no further inquiry was permissible. The disqualification of the jurors could not be removed by their statement that they could and would give defendant a fair and impartial trial, and set aside the opinions which they had formed. (*People* v. *Wells;* 100 Cal. 229 [34 Pac. 718]; *People* v. *Miller,* 125 Cal. 46 [57 Pac. 771]; *People* v. *Riggins,* 159 Cal. 113 [112

Pac. 862]; *People* v. *Wismer,* 58 Cal. App. Dec. 679 [209 Pac. 259]; *People* v. *Helm,* 152 Cal. 532 [93 Pac. 99].)

In the case of *People* v. *Reed,* cited by respondent, the juror's opinion was derived from public rumors and newspaper accounts, and i's thus differentiated from that of the jurors in the one at bar. It is true that in the cases above cited the opinions of prospective jurors were upon the question of the guilt of the defendant. The provision of the code is that it is a ground for challenge if the prospective juror has a state of mind "in reference to the case" which will prevent him from acting with entire impartiality and without prejudice to the substantial rights of either party. In the instant case it was incumbent upon the prosecution to establish the illegal character of the I. W. W. organization. Without proof of this fact, the evidence would unquestionably be insufficient to sustain a verdict of guilty upon any one of the charges contained in the information. The defendant did not seriously dispute the fact of his membership in the I. W. W. Obviously the issue as to the character of the I. W. W. was the pivotal one in the case. Under the circumstances, for a juror to have an opinion concerning this vital issue would be as prejudicial, as a matter of principle, as though he had such an opinion concerning the guilt of the accused. The difference would be one of degree only. [2] It cannot be said that a juror is in a position to render an impartial and unbiased verdict, who at the beginning of the trial holds a settled opinion in relation to the truth of facts going to the very foundation of the case required to be made by the prosecution. (*Davis* v. *Walker,* 60 Ill. 452; *Gray* v. *People,* 26 Ill. 344. See, also, *White* v. *Moses,* 11 Cal. 68; *People* v. *Din,* 39 Cal. App. 695 [179 Pac. 713].) The record shows that the defendant exhausted his entire quota of peremptory challenges. We conclude that he was denied a trial by a jury whose members possessed a state of mind in reference to the case of that entirely impartial and unprejudiced character required by the law to safeguard the substantial rights of the defendant.

[3] It will not be necessary to consider other points raised upon this appeal; except to say that certain parts of the testimony of the witness Vale were objectionable. This is true of the relation by him of what other persons

had told him that they, as members of the I. W. W., had done in the way of acts of sabotage and lawlessness. The ultimate fact which the prosecution was endeavoring to establish was the illegal character, teachings and acts of the I. W. W. This could be shown by literature authorized or issued by it, by witnesses whose past relation to the organization gave them first-hand knowledge, and by testimony of witnesses as to the specific acts of sabotage, arson and revolution within their own knowledge. (*People* v. *Roe,* 58 Cal. App. 690 [209 Pac. 381].)

But to go beyond this and relate purported incidents, not known to the witness, but being based upon statements made to him by others, would clearly be hearsay and as such inadmissible. Authorities cited by respondent do not justify the admission of such evidence. In the opinion in the Roe case it is expressly stated that the witness Dymond testified that he personally knew of the facts which he related as to acts of sabotage by I. W. W. members.

We find no other error in the rulings of the trial court, but for the reasons we have stated the judgment must be reversed, because of prejudicial error in the disallowing of appellant's challenges to jurors for actual bias.

The judgment is therefore reversed and the cause remanded.

Finlayson, P. J., and Works, J., concurred.