(No. 33666.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SOL NITTI, Plaintiff in Error.

*Opinion filed March 22, 1956.*

CHARLES A. BELLOWS, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, IRWIN D. BLOCH, JOHN T. GALLAGHER, and RUDOLPH L. JANEGA, of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

The defendant, Sol Nitti, waived trial by jury, was convicted in the criminal court of Cook County of the crime of receiving stolen property of the value of $43, and was sentenced to a term of one year in the House of Correction. The judgment of the criminal court was affirmed by the Appellate Court, First District, and a writ of error was issued by this court to review these judgments.

Defendant's sole contention here is that he was not proved guilty beyond a reasonable doubt because the only evidence against him was the uncorroborated and contradictory testimony of two accomplices, both of whom were convicted felons on probation, hoping for leniency from the prosecution in exchange for their testimony.

The two accomplices, two youths about 16 years of age, testified that they burglarized a freight trailer-truck parked on a lot in the city of Chicago and stole a quantity of cartons of cigarettes, clock radios, and other items. Both testified that they sold 43 cartons of the cigarettes to defendant Nitti, after telling him they were "hot" or "stolen," in the back room of his cleaning and dyeing establishment, for one dollar a carton. The defendant testified that he first

met one of the youths in the county jail the previous year when he (defendant) was serving a 90-day sentence. He stated the youths came to him on three occasions to sell him radios and accordians which he refused to buy, but denied they ever offered to sell cigarettes or that he purchased cigarettes from them.

It appears from the record that the two youths had, during a period of a month or two, committed a series of burglaries of transport trailers, and were, at the time of this trial, on probation from two convictions of grand larceny for these crimes. They were also under indictment with defendant in this case. One of the youths admitted on cross-examination that he hoped to help himself by testifying against the defendant, and immediately after defendant was found guilty the case was struck off as to the youths. It was stipulated that defendant Nitti in 1933 was involved in an armed robbery and was sentenced to the penitentiary for one year to life.

This State has always followed the common-law rule that the uncorroborated testimony of an accomplice, if it satisfies the jury or court beyond a reasonable doubt, is sufficient to sustain a conviction of a felony. (*Gray* v. *People,* 26 Ill. 344; *Rider* v. *People,* 110 Ill. 11; *People* v. *Niemoth,* 409 Ill. 111; *People* v. *Johnston,* 382 Ill. 233; *People* v. *Jurek,* 357 Ill. 626.) We have, however, recognized that such testimony is not of the most satisfactory character and is attended with serious infirmities which require utmost caution in relying upon such evidence alone. (*People* v. *Hermens,* 5 Ill.2d 277; *People* v. *Rendas,* 366 Ill. 385; *People* v. *Hudson,* 341 Ill. 187.) Such considerations go to the questions of the weight of the evidence or credibility of the witnesses, which questions are peculiarly the province of the jury or the court in the first instance. The jury, or the court in its stead, has opportunities not possessed by a court of review, to form a correct estimate of the credibility of witnesses and the weight of their testi-

mony. For these reasons if the jury or the court is satisfied by the testimony of an accomplice, beyond a reasonable doubt, the judgment should not be set aside unless it is plainly apparent to the reviewing court that the defendant was not proved guilty beyond a reasonable doubt. *People* v. *Jurek*, 357 Ill. 626; *People* v. *Rudnicki*, 394 Ill. 351.

The defendant here contends that the testimony of the accomplices was not worthy of belief because they were convicted felons, were testifying to get leniency for themselves, and their statements were contradictory. The record shows that the trial judge, who heard the testimony of the accusers as well as the defendant's denial, was fully aware of all these matters. The witnesses were separated at the beginning of the trial and there are conflicts in the testimony of the two youths as to the disposition of some of the other stolen property, part of which was due to the fact that each had separately disposed of different items. Their testimony is not in conflict, in any material respect, in regard to the sale of the 43 cartons of cigarettes to the defendant in the back room of his cleaning establishment. Both described this back room and its contents, the defendant denied that they had ever been in the room but he did not contradict in any manner their description of the room and its contents. The slight variations in the details of the less material matters do not obscure the main facts of the crime upon which their testimony is in complete harmony.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*