James McGurn, Plaintiff-Appellee, v. Oscar A. Brotman, Defendant-Appellant.

Gen. No. 47,816.

First District, Third Division.

March 23, 1960.

Oscar A. Brotman, of Chicago, pro se, appellant.

No brief filed for appellee.

JUSTICE BURKE delivered the opinion of the court.

James McGurn filed a statement of claim against Oscar A. Brotman for $49.68 for wages as a janitor in a building at 2808 Diversey Avenue, Chicago, from July 28, 1958, to August 10, 1958, plus reasonable attorney's fees. The defendant denied that he employed plaintiff or that he was indebted to him. A trial by the court resulted in a judgment against the defendant of $69.68, including $20 allowed as a reasonable attorney's fee. Defendant appeals.

The report of proceedings certified by the trial judge states that the case was tried in chambers on February 11, 1959. Plaintiff testified that he was retained by the regular janitor as a relief janitor to work for the period from July 28, 1958, to August 10, 1958, that he worked during these days and that at the end of the period he demanded his wages. Defendant testified that on or about August 1, 1958, the tenants at the building complained that the rubbish had not been picked up for four days, and that he was forced to employ temporary help to remove the

rubbish and clean the halls for the two-week period. He admitted the demand for wages and that he refused to pay because the plaintiff did not work at the building. Blanche Cummings, a tenant in the building, testified that she lived there for several years, and that she called defendant almost daily from July 28 to August 10 complaining that the plaintiff had not picked up the rubbish or cleaned the halls, and that she had never seen the plaintiff in the building in the two-week period. At the conclusion of the testimony the trial judge continued the case until February 27, 1959, for decision. The case was again continued until March 6, 1959, when judgment was entered for plaintiff.

On March 9, 1959, defendant filed a verified petition to vacate the judgment and for a new trial, stating that on March 6, 1959, at 2:10 P. M. the trial judge advised defendant that he had entered a judgment against him because the trial judge had "since the trial on February 11, 1959, spoken to a cousin of his who lived in the same block as the building in which the building owned by your petitioner is located; and that further he spoke with one of the plaintiff's employers outside the court and felt the plaintiff was reliable." On March 6, 1959, the court denied this motion.

The trial judge certified a report of proceedings at the hearing of the motion to vacate and for a new trial. This report of proceedings contains the oral statement of defendant, a reputable attorney at law, that on February 11, 1959, there was a trial of the case in chambers and that the cause was continued to February 27, 1959, "for decision"; that on February 27, 1959, the trial judge was not present; that defendant was advised by the clerk that the case was put over until March 6, 1959; that on March 6, 1959, the defendant appeared several minutes after 2:00 P. M. and was

advised by the trial judge that he had entered a judgment in favor of plaintiff for $69.68; that the court then stated to plaintiff: "I have a cousin who lives in the same block where this building is located. I talked to my cousin, who told me you are running the building and that this man worked there. I also talked to one of the men—the Court indicated plaintiff's other employer. He told me he is a fairly reasonable employee." The defendant, continuing his oral statement, said: "The Court cannot go beyond the scope of the evidence presented" in arriving at a decision, and that the defendant has a right to cross-examine the "cousin." The defendant also asserted that the trial judge talked to "another employer" who was not a witness.

On the hearing of the motion Mr. John O'Brien, the attorney for plaintiff, stated that the trial of the case took about an hour, at the conclusion of which the trial judge suggested that he would give his decision in "a couple of weeks"; that when the matter came up on February 27, 1959, it was postponed until March 6, 1959, on account of the illness of the judge; that the attorney for plaintiff appeared on March 6, 1959, at 2:00 P. M.; that defendant did not appear; that after waiting ten minutes the trial judge pronounced judgment in favor of plaintiff; that "at no time—I want to say for the record that at no time during all of my appearances before your Honor, either the trial of the case and up to the time the decision was rendered, was anything said about anything other than the evidence submitted in this case." The trial judge addressing defendant, stated: "After the close of the case you said you would bring a letter from the Health Department with respect to the garbage. That was outside the presence of Mr. O'Brien. I haven't any cousins living anywhere near this par-

ticular place. That was the reason that it was being continued from one Friday to another. I did not look into anything else besides what was brought up here in this particular matter. I haven't got a cousin living in this particular block or three blocks or a mile, and I didn't speak to any employers from the plaintiff. If this was going to be granted every loser would be up here to vacate and have it transferred for reassignment. Your motion is denied." At this juncture the defendant at his request was put under oath and testified that "on March 6th I appeared before the Court and the Court made the following statement to me: 'I have a cousin living in the same block. I went out to talk to him about this same building.' And he told me you were never out at the building and he knew the plaintiff, who was doing his work. I checked on this man's other employer. He is a pretty reasonable employee."

[1–3] In a trial the parties have the right to confront adverse witnesses. In the absence of a stipulation the trial judge may consider only that knowledge which he has acquired by the introduction of evidence or of which he may take judicial notice. The reason for this procedure is that the concept of fair play requires that all parties to an action be given a fair opportunity to rebut any evidence which might be damaging to their position. The report of proceedings of the trial certifies that the witnesses were heard in open court. There is no contention that the judgment is against the manifest weight of the evidence. In the report of proceedings of the hearing of the motion to vacate the judgment the defendant insisted that the trial judge decided the case on the evidence during the trial as well as on statements made to him by persons who resided in the vicinity of the premises where plaintiff said he had performed the janitorial work. Mr. O'Brien, attorney for the plaintiff, stated

298

that the case was decided on the evidence presented at the trial. The trial judge stated that after the close of the trial the defendant said he would bring a letter from the Health Department with respect to the garbage, which was the reason the case was continued from "one Friday to another." The judge, continuing, said that he does not have a cousin living "anywhere near" the premises, in the "particular block or three blocks or a mile," and he denied that he spoke to any employers of the plaintiff.

■ The statement by the defendant reciting a conversation with the trial judge outside the presence of plaintiff or his attorney a few minutes after the entry of the judgment on March 6, 1959, wherein the judge allegedly admitted considering extraneous statements is denied by the trial judge. While the attorney for the plaintiff left after the entry of the judgment he supports the position of the judge. The statement of the defendant cannot contradict the certified report of proceedings of the trial. When properly authenticated the record filed for the purpose of appeal imports absolute verity, and is the sole, conclusive and unimpeachable evidence of the proceedings in the lower court. The certificate of the judge as to the statement of facts in the trial is conclusive and may not be contradicted by extrinsic matters. On the hearing of the motion to vacate the judgment and for a new trial the trial judge, in effect, refused to amend the report of trial proceedings to show that the trial judge went outside the evidence introduced in deciding the case.

The judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and FRIEND, J., concur.