(No. 39392.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILBUR THOMPSON, Appellant.

*Opinion filed January 19, 1967.*

WARD, J., took no part.

R. EUGENE PINCHAM, CHARLES B. EVINS, and SAM ADAM, all of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Wilbur Thompson, was indicted in Cook County for the crime of unlawful possession of a narcotic drug. He was found guilty in a bench trial and sentenced

to the penitentiary for a term of five to ten years. He appeals directly to this court alleging that his arrest was illegal and that the disparity between his sentence and the sentence of the person who sold him the drugs was such as to violate his constitutional rights to due process and to equal protection under the laws.

The facts appearing from the record establish that Samuel Brewster, a vice officer of the Chicago Police Department, was on duty as a plain clothesman and while standing in front of a tavern saw the defendant engaged in conversation with a woman, later identified as Marcell Harris. He overheard the woman tell the defendant that she had no "jive" on her but that he should follow her. The defendant and the woman started walking down the the street with Brewster following some distance behind. Brewster apparently crossed the street to hide his presence, and thereafter observed the woman go into a gangway while the defendant remained on the sidewalk. About ten minutes later the woman returned to the sidewalk and both she and defendant started to walk across the street towards officer Brewster. As they drew near the curb the woman handed the defendant a package. Brewster then stepped out from behind a parked car and announced his office. At this point, according to the testimony of the officer, the defendant either threw or dropped the package he had received to the ground. Brewster picked it up and arrested the defendant. The package was later found to contain heroin.

As his first point defendant insists that the court went outside the record in finding that Brewster understood the word "jive" to mean heroin. He argues that no evidence was elicited during the trial to show that Brewster knew what the word meant at the time he overheard the conversation and therefore the officer had no probable cause for which to make the arrest.

It is true that the trial court judge did not conduct an inquiry as to the extensiveness of officer Brewster's vo-

cabulary, but the record does show, however, that the defendant himself testified that the word "jive" has been used to mean, among other things, heroin. To argue that a vice officer of three years experience could not know the meaning of a slang term for narcotics appears to be wishful thinking on the part of the defendant. The court's conclusion that Brewster understood the use of the word to mean heroin is by no means unreasonable nor does it indicate that the court considered evidence outside the record. The overheard conversation coupled with the subsequent transfer of the package was sufficient for the police officer to determine that probable cause for arrest existed.

In view of our finding that the police officer had sufficient facts upon which probable cause for arrest could be determined, there is no need to consider whether the abandonment-no-search approach discussed by the parties applies. That approach, as enunciated in *People* v. *Roebuck,* 25 Ill.2d 108, and *People* v. *Catavdella,* 31 Ill.2d 382, pertains to the admissibility of evidence seized on the grounds of abandonment when no probable cause for arrest was present. Whether the package containing the narcotics was dropped or thrown to the ground makes no difference in this instance. The arresting officer had probable cause to make the arrest and thus the evidence seized as a result was properly ruled admissible by the trial court. Consequently, no constitutional rights of the defendant were violated.

Defendant next contends that he was deprived of his constitutional rights to due process and to equal protection of the laws because his sentence was more severe than that of Marcell Harris. The defendant was sentenced by the trial judge after his conviction to a prison term of five to ten years for unlawful possession of narcotics. The pertient statute in effect at the time of the sentencing was section 38 of the Uniform Narcotics Drug Act (Ill. Rev. Stat., 1963, chap. 38, par. 22—40,) which provides that possession of narcotics is punishable, when a first offense, by a

fine of not more than $5,000 and a prison term of two to ten years. The statute goes on to provide that conviction of a subsequent offense is punishable by a prison term of five years to life. Although it was brought out during the trial that defendant had a prior conviction for possession of narcotics, an increased sentence for a subsequent offense is not permissible unless the prosecutor files a statement pursuant to section 38c of the same statute, (Ill. Rev. Stat., 1963, chap. 38, par. 22—43.) Since this was not done the sentencing judge was restricted to the range of two to ten years.

The sentence imposed upon the defendant was within the statutory range. However, the defendant urges us to reduce his sentence because Marcell Harris, in a separate proceeding on a similar charge of possession, was sentenced to five years probation with the first six months to be served in the House of Correction. We are fully cognizant of section 121—9(b)(4) of the Code of Criminal Procedure (Ill. Rev. Stat., 1963, chap. 38, par. 121—9 (b)(4),) which grants reviewing courts the power to reduce the punishment imposed by the trial court. The disparity of sentences between the two offenders does not in and of itself warrant the use of this power. The record indicates that the defendant had been out of prison for only a short time before being arrested on the present charge. This fact, especially when viewed in light of the nature of the crime, demonstrates to this court that no useful purpose would be served by disturbing the sentence imposed by the trial court. Under these circumstances we find that defendant's constitutional rights to due process and equal protection have not been violated and we will not exercise our statutory power to reduce his sentence.

Accordingly, the judgment of the trial court of Cook County is affirmed.

*Judgment affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.