(No. 41682.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LON CHRISTOPHER SIGAFUS, Appellant.

*Opinion filed March 27, 1969.*

LON CHRISTOPHER SIGAFUS, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM R. NASH, State's Attorney, of Rockford, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The petitioner, Lon Christopher Sigafus, appeals from the judgment of the circuit court of Winnebago County denying his petition for writ of *habeas corpus*.

Petitioner was convicted of theft and sentenced to 2 to 7 years imprisonment. Subsequently his petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, ch. 38, par. 122—1) was denied. On appeal to this court, we reversed and remanded with directions for further

hearing. (*People* v. *Sigafus,* 39 Ill.2d 68.) On April 19, 1968, with petitioner and his attorney present, that hearing was held. At its conclusion the petition was again denied.

On May 13 petitioner filed a *habeas corpus* petition alleging that he was being held without authority by the penitentiary warden. The sole basis for this action is petitioner's unsupported allegation that at the conclusion of the April 19 hearing the court stated: "remanded to the custody of the sheriff" rather than "remanded to the custody of the warden" or "remanded to the custody of the sheriff for delivery to the warden, *etc.*" By contrast the order denying the *habeas corpus* petition expressly found "That on April 19, 1968 * * * [the post-conviction petition was] denied and it was ordered by this Court that petitioner be returned to the custody of the Warden, Illinois State Penitentiary, Joliet, Illinois", and "That the petitioner is imprisoned by virtue of a final judgment of a competent court of criminal jurisdiction." There is nothing in the record before us indicating otherwise.

Obviously, the record of trial court action and express findings of that court may not be impeached in the manner here attempted, for the record on appeal imports verity. 2 I.L.P. par. 469; *Gebhardt* v. *Warren,* 399 Ill. 196; *McGurn* v. *Brotman,* 25 Ill. App. 2d 294.

The judgment of the circuit court of Winnebago County is affirmed.