THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHRISTINE SPENCE, Defendant-Appellant.

(No. 54045;

First District—May 20, 1971.

Mintz, Raskin, Rosenberg, Lewis & Cohen, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Christine Spence, was charged with petty theft. After a bench trial she was convicted and sentenced to one year in jail. She appeals from the conviction and from the denial of her post-trial motion, contending that she was not proved guilty beyond a reasonable doubt, or in the alternative, that the sentence imposed was excessive and should be reduced by this court. Defendant was not represented by counsel at trial, and there was no court reporter present. In the absence of a verbatim transcript of proceedings, a bystanders report of proceedings was prepared, and has been certified as true and correct by the trial judge. (Supreme Court Rule 323 (c) Ill. Rev. Stat. (1969), ch. 110A, par. 612 (c)). From that report, the facts are as follows.

Prior to defendant's trial, co-defendants James Bush and Barbara

Burke pleaded guilty to petty theft and were each sentenced to one year in jail. Another co-defendant Sonny Reese was tried for the same charge, and was found not guilty.

At about 7:45 P.M. on March 7, 1969, an unidentified person informed police officers that several persons, connected with a 1961 blue Chevrolet, were going in and out of the Kroger Food Store in the Hillside Shopping Center. The police officers began watching the automobile, and observed several persons coming from the store separately, opening their coats and putting something in the automobile. James Bush was arrested at the auto, and a quantity of cartons of cigarettes were found in his possession. As defendant and Sonny Reese approached the auto, they were arrested. No cigarettes were found in their possession. Barbara Burke was arrested later.

Linda Hamming, an employee of Kroger's, identified the cigarettes as the property of Kroger's, and also testified as to their value. She did not see the cigarettes taken from the store. The cigarettes were introduced in evidence. At this point in the trial, the prosecutor stated that he needed one more witness and asked for a recess.

After the recess, the State called as a witness James Bush, who had earlier pleaded guilty and received a one year jail sentence. Bush testified that Barbara Burke, defendant and he had gone to steal cigarettes in order to purchase narcotics, and in fact had stolen cigarettes from Kroger's on the date in question.

Defendant testified that she had not been involved in the theft in any way. Defendant was found guilty and sentenced to one year in jail. Bush's sentence was then reduced from one year to nine months in jail.

In considering defendant's contention that she was not proved guilty beyond a reasonable doubt, we must first consider her argument that the report of proceedings which has been certified by the trial judge is inaccurate. Defendant maintains that no employee of Kroger's testified at her trial. In support of this argument, she contends that Linda Hamming informed defense counsel that she was present at the trial, but did not testify. However, this court is bound by the report of proceedings which has been certified as true and correct by the trial judge. A statement by defendant cannot contradict the certified report of proceedings of the trial. When properly authenticated the record filed on appeal imports absolute verity, and is the sole conclusive and unimpeachable evidence of the proceedings in the trial court. (*McGurn v. Brotman* (1960), 25 Ill. App.2d 294, 167 N.E.2d 12.) The certificate of the judge as to the report of proceedings is conclusive and may not be contradicted by extrinsic matters. *Gebhardt v. Warren et al.* (1948), 399 Ill. 196, 77 N.E.2d 187.

■■ Defendant also contends that she was not proved guilty beyond a

reasonable doubt because the uncorroborated testimony of an accomplice witness who was induced to testify is insufficient to sustain a conviction. However our Illinois courts have repeatedly held that while the testimony of an accomplice is viewed with suspicion, it may be sufficient to sustain a conviction though uncorroborated and even though the witness testified that he expects leniency. (*People v. Nastasio* (1963), 30 Ill. 2d 51, 195 N.E.2d 144; *People v. Flaherty* (1947), 396 Ill. 304, 71 N.E.2d 779; *People v. Baker* (1959), 16 Ill.2d 364, 158 N.E.2d 1.) The question of the bias or interest of an accomplice witness goes only to credibility, and as was stated in *People v. Nitti* (1956), 8 Ill.2d 136, 133 N.E.2d 12 at pp. 138-139:

> "* * * which questions are peculiarly the province of the jury or the court in the first instance. The jury or the court in its stead, has opportunities not possessed by the court of review, to form a correct estimate of the credibility of witnesses and the weight of their testimony. For these reasons if the jury or the court is satisfied by the testimony of an accomplice beyond a reasonable doubt, the judgment should not be set aside unless it is plainly apparent to the reviewing court that the defendant was not proved guilty beyond a reasonable doubt. *People v. Jurek*, 357 Ill. 626; *People v. Rudnicki*, 394 Ill. 351."

Thus we find that the testimony of the accomplice Bush was sufficient to sustain defendant's conviction. While it is apparent that Bush expected and actually received a reduction in sentence as a result of his testimony, the trier of fact was aware of that fact and it was his duty to determine the credibility of the witnesses. Defendant was proved guilty beyond a reasonable doubt.

Defendant received the maximum sentence of one year for petty theft and contends that the sentence was excessive and should be reduced by this court. (Supreme Court Rule 615 (b (4).) The basis of this argument is that the sentences imposed or served by her two co-defendants were more lenient than that received by her, and also that the trial court improperly considered a previous arrest record in sentencing her.

■■■  As we have stated, the one year sentence imposed on Bush was reduced to nine months after he testified against defendant. In addition the records of the Circuit Court reveal that Barbara Burke was released from jail by the trial judge after serving seven months on her sentence of one year. However mere disparity in sentences among several offenders does not in and of itself warrant the use of the reviewing court's power to reduce a criminal sentence. (*People v. Thompson* (1967), 36 Ill.2d 478, 224 N.E.2d 264.) As this court stated in *People v. Jones* (1969), 118 Ill. App.2d 189, 254 N.E.2d 843, at pp. 197-98:

"We recognize that not every offense in a like category calls for an identical punishment. There may be a proper variation in sentences as between different offenders, depending upon the circumstances of the individual case. As a general rule, where the punishment for the offense is fixed by statute, that imposed in the sentence must conform thereto, and a sentence which conforms to statutory regulations is proper. Before an Appellate Court will interfere, it must be manifest from the record that the sentence is excessive and not justified by any reasonable view which might be taken of the record."

In the instant case, the bare allegation that co-defendants received lesser punishment is insufficient to justify a reduction of defendant's sentence. The record submitted to this court is devoid of any other facts which would entitle defendant to a lesser sentence. The record is also silent as to any evidence which may have been considered by the trial court either in aggravation or mitigation. For the same reason, we are unable to consider defendant's contention that the trial court improperly considered an arrest record in imposing sentence. Consequently, under the circumstances, we must affirm the sentence.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.