THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY E. GIBBS, Defendant-Appellant.

(No. 72-41;

Second District—September 29, 1972.

Paul Bradley, of Defender Project, of Elgin, (Ralph Ruebner, of counsel,) for appellant.

William R. Ketcham, State's Attorney, of Geneva, (Gerry Dondanville, Leo Wotan, Jr., and W. Ben Morgan, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

On the night of February 5th, 1969, the defendant drove two other men to the offices of the Kenyon Farm near South Elgin, Illinois. The three men took a blow torch to the safe but were unable to get it open before they were frightened away. Defendant Gibbs took various items from the office when they left.

Defendant was charged with burglary and theft of property under

the value of $150.00. One of the two men with defendant at the time of the burglary testified on behalf of the State and was granted probation. Defendant then changed his plea to guilty of both charges. Upon the hearing in his application for probation, heard at the same time of the hearing in aggravation and mitigation, it was disclosed that defendant Gibbs had been adjudicated a juvenile delinquent; had served approximately two years in the Illinois State Penitentiary for robbery; was convicted of smuggling narcotics in the Federal Court, and had served four months on that conviction.

At the time of the joint hearing in the defendant's application for probation and the hearing in aggravation and mitigation it was disclosed that the defendant had been charged with an attempted jail break in sawing the bars on the county jail in Geneva. In addition to that charge, he was also charged with possession of burglary tools, theft in excess of $150.00, and attempted theft. The record does not however disclose if these charges arose out of the burglary herein.

On May 27, 1969, the trial court denied probation, sentenced the defendant to 3-10 years in the penitentiary, and upon motion of the State's Attorney the other charges were *nolle prossed*.

The second of the other two men involved in the burglary with a record of convictions, was sentenced for his participation in the instant burglary to 1-2 years in the State penitentiary.

The defendant filed a *pro se* post-conviction petition in the trial court, counsel was appointed, a hearing was had therein, and the post-conviction petition was denied. Defendant appealed that ruling and the post-conviction petition is before this court for review.

The sole basis of defendant's post-conviction hearing is the disparity of his sentence, when considered with the sentence imposed upon and the criminal record of the other two defendants, constituted a violation of the 14th amendment to the United States Constitution in that he has been deprived of equal protection of the law. He further contends that his sentence should be reduced to 1-3 years.

The 14th amendment to the Constitution of the United States and the like provisions of the Illinois Constitution do not require that participants in an offense or criminal act receive the same punishment. (*People v. Winchell* (1968), 100 Ill.App.2d 149, 241 N.E.2d 200.) Likewise, disparity of sentences between defendants does not of itself warrant the use of the power of the reviewing court to reduce a punishment imposed by the trial court. (*People v. Thompson* (1967), 36 Ill.2d 478, 224 N.E.2d 264.) As the court stated in *People v. Jones* (1969), 118 Ill. App.2d 189, 197-198, 254 N.E.2d 843, 847:

"We recognize that not every offense in a like category calls for

an identical punishment. There may be a proper variation in sentences as between different offenders, depending upon the circumstances of the individual case. As a general rule, where the punishment for the offense is fixed by statute, that imposed in the sentence must conform thereto, and a sentence which conforms to statutory regulations is proper. Before an Appellate Court will interfere, it must be manifest from the record that the sentence is excessive and not justified by any reasonable view which might be taken of the record."

 In the case here before us we find no factual basis for disturbing the sentence imposed upon this defendant. We further find that this defendant's constitutional rights to due process and equal protection have not been violated as the sentence imposed upon him is well within the statutory limits, and there is no indication that the trial court abused its discretion in imposing a greater sentence upon this defendant. Accordingly, we will not exercise our statutory power to reduce the sentence imposed.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.